WALDO M. JOHNSON AND RICHARD O. WHEELER v. EDWARD H. MEAD AND JOHN SCUDDER.

*Limitation of actions—Successive writs.*

Where the continuity of an action is interrupted by an interval between the return-day of one writ of summons and the issue of an alias writ, the institution of the action will not bar the operation of the statute of limitations.

Error to Wayne.   (Jennison, J.)   June 10.—Sept. 29.

ASSUMPSIT.   Defendants bring error.   Reversed.

*Douglass, Bowen & Douglas* for appellants.   In issuing successive writs—capias, alias, pluries and testatum capias,— they must correspond with each other in the names of the parties and the cause of action, or they may be set aside as irregular ; the plaintiff indeed may issue one capias after another, without any alias, pluries or testatum clause; but where the regular succession is observed, each subsequent writ should bear teste on the return day of the preceding one : 1 Burrell's Pr. 102, citing Tidd's Pr. 714 ; 1 Arch. Pr. 74, 332 ; 1 Dunlap's Pr. 119 ; under the New York practice before the code, instead of keeping the original writ alive by a succession of writs, each bearing teste on the return day of the previous writ, the plaintiff might at his election continue the alias writ down to the writ actually served upon the defendant, and to which he appeared, by continuances regularly entered on the continuance roll ; the entering of these continuances, although a matter of form, was indispensable to save the statute of limitations :  *Beekman v. Satterlee* 5 Cow. 519 ; *Soulden v. Van Rensselaer* 3 Wend. 472 ; *Bank of Orange County v. Haight* 14 Wend. 83 ; there being no such connection between the several writs in this cause as will keep alive the original process, the last writ must be treated as a new writ for a new suit : *Axtell v. Gibbs* 52 Mich. 639.

*Conely, Maybury & Lucking* for appellee.   The continuance could be entered at any time, even by the attorney, on the back of the writ at his chambers :  *Bank of Orange Co. v. Haight* 14 Wend. 86 ; *Schlosser v. Lesher* 1 Dall. 411 ; *Pennock v. Hart* 8 S. & R. 369 ; and where the writs of capias and summons specify the nature of the action which is to be declared upon, it is not necessary to enter the continuances, in order to prevent the bar of the statute of limitations : Angell on Lim. § 318 ; in South Carolina it is held that the second writ cannot be considered a continuance of the original suit unless it is issued within a year and a day after the first writ is returned: *Bank v. Baker* 3 McCord 281 ; *Parker v. Grayson* 1 N. & Mc. 171–3 ; in one case in New York, seventeen years elapsed between the original writ of capias, and the testatum capias :  *Ontario Bank v. Rathbun* 19 Wend. 291 ; see *Baskins v. Wilson* 6 Cow. 473.

SHERWOOD, J.[1] The plaintiffs brought assumpsit against the defendants, who were copartners doing business under the firm name of E. H. Mead & Co., upon two promissory notes and four acceptances made by the defendants in their copartnership name. All of the notes and acceptances were past due on the 5th day of February, 1877, the amount of which aggregated $6488.88, besides interest. Defendants pleaded the general issue, and Mead gave notice thereunder that action upon all the claims was barred by the statute of limitations. The cause was tried before a jury, and plaintiff had judgment for $9777.46. Both defendants appeal, and assign error separately. Mead assigns as error that the court refused to charge the jury that " the statute of limitations had run upon the plaintiffs' claim as against him, and that they should therefore find a verdict in his favor," and that a joint judgment should not have been rendered against the defendants. Defendant Scudder assigns as error that a joint judgment was rendered against the defendants.

The suit was commenced by summons issued October 20, 1883, returnable November 6, 1883. It was returned November 7, 1883, personally served in October, on defendant Scudder, and defendant Mead not found, and the return was filed November 17, 1883, at which time an alias writ was issued for defendant Mead, returnable December 4, 1883, and returned December 5, 1883, not found. December 5, 1883, a pluries was issued, returnable January 8, 1884, and returned January 10, 1884, not found. The record then continues:

" January 10, 1884, second pluries writ issued, returnable February 5, 1884. Return 'not found,' dated February 6, 1884. Writ and return filed February 8, 1884.

February 11, 1884, third pluries writ issued, returnable March 4, 1884. Return 'not found,' dated March 5, 1884. Writ and return filed March 29, 1884.

March 29, 1884, fourth pluries writ issued, returnable May 6, 1884. Served upon defendant Elvin H. Mead, April 26, 1884."

---

[1]This opinion which is that of a minority of the court, states the facts.

November 26, 1883, the plaintiffs filed their declaration. January 3, 1884, defendant Scudder pleaded to the declaration the general issue, and on the 8th day of July, 1884, the defendant Mead filed his plea of the general issue, and gave notice of the statute of limitations as above stated.

Nothing has ever been paid on either of the claims; neither does it appear that any new promise to pay any or either of them has ever been made. The statute had not commenced to run upon either of the notes or acceptances when the suit was brought, and the suit, so far as the record shows, was properly brought against both defendants, and personal service was duly had against defendant Scudder. Defendant Mead was not found. An alias and four pluries writs were issued. There was an interval of eleven days between the return-day of the first writ and the issuing of the second, and one day between the return-day of the second and the issuing of the third; and between the return-day of the third and the issuing of the fourth, two days; and between the return-day of the fourth and the issuing of the fifth, one day; and between the return-day of the fifth and the issuing of the sixth, twenty-five days.

Defendant Mead was personally served on the 26th day of April, 1884, with the last writ, but claimed upon the trial that, inasmuch as at that time more than six years had elapsed since the last claim sued for had become due, the statute was a bar in his case; also that as to him the original suit had been abated, because of the failure to properly issue successive pluries writs; that between the dates of the return of the sheriff to the third pluries writ and the filing of that writ more than twenty days had been allowed to elapse. The defendant Mead insists that, in order to preserve the right claimed by the plaintiff to have the suit continued by the original writ, " the regular succession must be observed; each subsequent writ must be teste'd on the return-day of the preceding one, and must correspond with it in the names of the parties."

There is no doubt that, under the practice as it has always existed, the alias and pluries writs must be issued with the

intention in good faith to continue and prosecute the suit commenced by the original writ, and that it was absolutely necessary that the writ should be returned, and the return filed, before the original writ could be continued by the issuing of an alias or pluries. Under the practice as it formerly existed, all writs were made returnable in term. This rendered it necessary, on the return of the writ non est inventus, to prepare a continuance roll with a placita of the term of which the first writ was returnable, after which the writ was entered according to its tenor, and this was followed by entries of appearance of the plaintiff, the return of non est inventus, and an award of an alias or pluries writ returnable at the following term. The process was thus continued by regular continuances " of the sheriff, who still has the writ from term to term, down to the term of issuing the effectual process," and this roll was permitted to be made up and filed after the return of the process on which the service was had. By leave of the court they might be entered at any time. 2 Burr. Pr. 237, 238 ; *Livingston v. Ostrander* 9 Wend. 306 ; *Davis v. West* 5 Wend. 63 ; 1 Tidd Pr. 128, 129, 147 ; *Ontario Bank v Rathbun* 19 Wend. 291.

An examination of the authorities will show that the continuance roll for a long time came to be regarded very much as a matter of form, although it is said in some cases, if the object is to prevent the statute of limitations from running, a strict compliance should be shown. We have no statute upon the subject, but the effect of continuing the suit by the successive issuing of writs has always been regarded as an arrest of the running of the statute when done in good faith with the intent of prosecuting the suit. *Howell v. Shepard* 48 Mich. 472.

Under our practice, original writs may be made returnable in vacation as well as in term (Circuit Court Rule 13), and the old practice of resort to the continuance roll can hardly be held to apply. In this case the record shows the longest interval between the filing of one writ and the issuing of the other was two days; and inasmuch as the return and filing of the one was precedent to the issuing of the

other, we see nothing unreasonable in the time taken for issuing the pluries writ. It must be regarded as sufficiently regular to save the running of the statute against the plaintiff's claim. We do not think the filing of the pleas affected the question one way or the other. The defendant had to appear in order to make his plea of the statute of limitations.

The liability of the defendants upon the claims set forth in the declaration was a joint one, and the judgment against both was properly rendered.

We find no error in the rulings or charge of the court, and judgment must be affirmed.

CAMPBELL, J. In my opinion the interval between the successive writs interrupted the continuity of the action, so that the limitation became a bar to recovery.

The judgment is reversed and new trial granted.

COOLEY. C. J. and CHAMPLIN, J. concurred with CAMPBELL, J.