COLLING *v.* McGREGOR.

1. LIMITATIONS — ACTIONS FOR PERSONAL INJURIES — ACTIONS WHICH SURVIVE.

The running of the period of limitations provided for actions for personal injuries by Act No. 155, Pub. Acts 1899, is not suspended as to actions which survive, by section 9737, 3 Comp. Laws, during the time after the death of the injured person before an administrator is appointed, there being no exception in favor of actions which survive in the more recent statute.

2. SAME — COMMENCEMENT OF ACTION — ALIAS SUMMONS — DELAY IN ISSUING.

Where a summons is returned unserved, a delay of more than two months in issuing an alias summons interrupts the continuity of the action.

3. APPEARANCE—WAIVER OF JURISDICTION—LIMITATIONS.

Appearance and plea, though waiving objections to the jurisdiction, do not waive the defense of the statute of limitations.

Error to Wayne; Rohnert, J. Submitted February 28, 1906. (Docket No. 221.) Decided July 3, 1906.

Case by Amelia Colling, administratrix of the estate of William Colling, deceased, against Charles E. McGregor for the negligent killing of plaintiff's intestate. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Cassius Hallenbeck,* for appellant.

*Angell, Boynton, McMillan & Bodman,* for appellee.

MOORE, J. This is a suit brought to recover damages for personal injuries sustained by decedent June 27, 1901, which resulted in his death the following day. Suit was begun by summons June 11, 1904. The return day of the summons was June 28, 1904. The summons was returned unserved, and filed June 29, 1904. An alias was

issued September 16, 1904, returnable October 4, 1904. It was returned served on defendant September 27, 1904. Defendants entered their appearance October 3, 1904. The declaration was filed October 17, 1904. To this declaration defendants, October 26, 1904, pleaded the general issue, with notice of the statute of limitations. Upon the trial some testimony was given by plaintiff, at which time defendant's counsel objected to further testimony on the ground that the claim was barred by the statute of limitations. The court ruled that the statute of limitations was an absolute bar to the plaintiff's right of action, and directed the jury to return a verdict in favor of defendants. The case is brought here by writ of error.

In 1899 Act No. 155 was enacted, which reads as follows:

"Section 1. No action shall hereafter be brought in any courts of this State to recover damages for personal injuries, unless the same shall be brought within three years from the occurrence upon which the claim for liability is founded.

"Sec. 2. All acts or parts of acts in anywise contravening any of the provisions of this act are hereby repealed."

The appellant argues that as the cause of action survived, and passed to the administratrix, upon her appointment, the running of the statute was suspended by the death of Mr. Colling, and did not begin to run again until the appointment of the administratrix, because of the provisions of section 9737, 3 Comp. Laws, which read as follows:

"If any person entitled to bring any of the actions before mentioned in this chapter, or liable to any such actions, shall die before the expiration of the time herein limited, or within thirty days after the expiration of the said time, and if the cause of action does by law survive, the action may be commenced by or against the executor or administrator of the deceased person, or the claim may be proved as a debt against the estate of the deceased person as the case may be, at any time within two years

after granting letters testamentary or of administration, and not afterwards if barred by the provisions of this chapter."

In support of this contention, counsel cite *Field* v. *Loveridge*, 114 Mich. 227; *Dolson* v. *Railway Co.*, 128 Mich. 444, and a number of other cases. The causes of action in these cases all occurred before the passage of Act No. 155, Public Acts 1899. This act does not make an exception in favor of causes of action which survive, and as it was competent for the legislature to pass such a law we think its provisions are controlling. *Davidson* v. *City of Muskegon*, 111 Mich. 454, and cases cited therein.

Did the failure to take out the second summons for more than two months after the return day of the first summons interrupt the continuity of the action? We think this question must be answered in the affirmative under the following decisions: *Johnson* v. *Mead*, 58 Mich. 67, 73 Mich. 326; *Peck* v. *Insurance Co.*, 102 Mich. 52.

It is said that because defendants appeared in the case and pleaded they waived all questions of jurisdiction. Doubtless this would be a waiver of jurisdiction, but it is not a waiver of the defense of the statute of limitations. The summons did not advise defendants of the claim made against them. This was stated in the declaration, and when thus stated defendants had a right to plead and give notice of their defense.

Judgment is affirmed.

CARPENTER, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.