DETROIT TAXICAB & TRANSFER CO. *v.* WAYNE CIRCUIT
JUDGE.

DEFAULT—COURT RULES—SETTING ASIDE DEFAULT.

The provisions of Circuit Court Rule No. 32, section 4, providing that where the plaintiff has taken the default of the defendant, the default should not be set aside after the expiration of six months, does not apply where the default of the plaintiff is taken by the defendant; in which case the question of setting aside the default addresses itself to the sound discretion of the court.

Mandamus by the Detroit Taxicab & Transfer Company to compel George S. Hosmer, circuit judge of Wayne county, to vacate an order setting aside a default. Submitted July 2, 1918. (Calendar No. 28,-381.) Writ denied September 27, 1918.

*A. J. Groesbeck,* for plaintiff.

*Walter M. Nelson,* for defendant.

PER CURIAM. Mandamus is sought to set aside an order made by the respondent. The petitioner was served with a summons on the 15th day of March, 1915, at the suit of one Thomas A. Noble. Defendant entered its appearance in said cause by its attorney on the 23d of March, 1915. Nothing further was done in said action until the 14th day of April, 1916, and on that day the default of plaintiff for failure to file his declaration was regularly filed in said cause. Subsequently an order was made by the Wayne circuit court dismissing the cause, under the provisions of section 2, chap. 18, of the judicature act (3 Comp. Laws 1915, § 12574). Nothing further was done in said cause until the 19th day of March, 1918, when the attorney for the plaintiff filed a motion to set aside the order dismissing the case, and asked that

the same be reinstated, the principal reason alleged being that he believed that a declaration had been filed, and on the 30th of March, 1918, an order was entered setting aside the order defaulting the plaintiff in the action. Since then a declaration has been filed and tendered the defendant, in which the plaintiff claims damages for personal injuries sustained while employed by the relator.

It is the contention of counsel for the relator that the circuit judge clearly abused any discretion vested in him in setting aside the default taken April 14, 1916, on a motion made March 19, 1918. Our attention is called to section 4 of Circuit Court Rule No. 32, which provides for setting aside defaults taken against the defendant by the plaintiff. The section in question reads as follows:

"Any order entered under this rule may be set aside on special motion for cause shown, in the discretion of the court, on such terms as may be deemed just and proper. In actions at law, the party desiring to have a default set aside shall, as soon as practicable after he shall know or have reason to believe that the default has been filed, file and serve an affidavit of merits, and make application to the court to have the default set aside. In actions in equity, to entitle a defendant to an order setting aside his default for want of appearance or answer, he shall proffer a sworn answer showing a defense on the merits as to the whole or a part of the plaintiff's case. In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed. And, subject to statutory provisions, in any case where personal service shall have been made upon a defendant, an order setting aside his default shall be conditioned upon his payment to the plaintiff of the taxable costs incurred in reliance on said default, and the court may impose such other conditions as shall be deemed proper."

It is said that this rule establishes the policy of the State in fixing a time beyond which defaults should not be set aside, and that while in terms it is limited to cases where the plaintiff has taken the default of the defendant, the rule should be extended by construction to include cases where the default of the plaintiff is taken by the defendant. With this contention we cannot agree, as the language of the rule is explicit and plain and the six months' provision made to apply only to cases where the default of the defendant has been taken. The various sections of Rule No. 32 cover the question of defaults of either party, and nothing is found within the rule to prevent the respondent from acting. It simply becomes a question of whether or not, under the circumstances of this case, it should be said that he abused his discretion in setting aside the default. The setting aside of a default under circumstances similar to the one here in question, addresses itself to the sound discretion of the court. No claim is here made that anything has happened since the order dismissing the case which has prejudiced the relator in its defense, and we find nothing in the record to justify us in saying that the learned trial judge clearly abused the discretion vested in him.

The writ is denied, with costs.