PARKER BROS. CO. *v.* PENNSYLVANIA RAILROAD CO.

LIMITATION OF ACTIONS—PROCESS—ALIAS SUMMONS MAY NOT BE ISSUED AFTER SUIT BARRED BY LIMITATION.

Where an action against a railroad company was started by summons, and the writ was returned unserved because defendant could not be found, and service could not be had in Michigan until after expiration of the period within which suit might be brought, the cause of action may not be revived by thereafter issuing an *alias* writ, under Circuit Court Rule No. 18, § 2, since it was not designed thereby to abolish or circumvent the limitations otherwise applicable to an action.

Error to Wayne; Jayne (Ira W.) and Webster (Clyde I.), JJ. Submitted January 18, 1928. (Docket No. 112.) Decided April 3, 1928.

Assumpsit by Parker Bros. Company, Ltd., against the Pennsylvania Railroad Company for failure to deliver a shipment: On motion of defendant to dismiss. Judgment for defendant. Plaintiff brings error. Affirmed.

*Fox & Severance,* for appellant.

*Angell, Turner & Dyer,* for appellee.

NORTH, J. This suit was started by summons November 25, 1918. The writ was returned "not found" on January 31, 1919. It is agreed that it was not possible to get service on the defendant company in Michigan on the date suit was started nor at any time thereafter until January 6, 1921. The plaintiff caused an *alias* summons to be issued October 27, 1921, and service thereof was made on the defendant

---

Limitations of Actions, 37 C. J. § 488.

October 29, 1921.    This *alias* was issued without a
showing that in the exercise of reasonable diligence
service could not have been obtained at an earlier date,
as required by Circuit Court Rule No. 18, § 2.    For
this reason the service of this *alias* is conceded by the
respective parties to have been irregular and in-
effective.    On December 2, 1921, the plaintiff's at-
torney made an application to the circuit judge to have
the issuance of another *alias* authorized.    This ap-
plication was supported by an affidavit showing it was
not possible to obtain service on the defendant before
January, 1921, and that the plaintiff's attorney did
not know such service could be obtained until October,
1921, notwithstanding he made inquiries relative
thereto at various times; and, further, that unless an
*alias* was issued plaintiff's right of action would be
barred.    On this showing the court ordered the issu-
ance of an *alias* summons which was served December
5, 1921.    The defendant entered a special appearance
and moved to quash this *alias* writ.    The motion was
granted, and the plaintiff has appealed.

This suit is based upon a bill of lading and by its
terms the period within which suit might be brought
thereon expired March 21, 1919.    In disposing of the
motion to quash, the trial court held that the length
of time which elapsed between the date of issuing the
original summons (November 25, 1918) and the date
of issuing the *alias* (December 3, 1921) was so great
that, notwithstanding the showing made incident to
the application for the *alias,* the continuity of the
action was broken; and since the cause of action be-
came barred in the interim, the issuance of the *alias*
writ would not revive the suit.    We are in accord with
this holding.    While the precise question has not been
passed upon before by this court, the rule was rather
definitely indicated in *Gunn* v. *Gunn,* 205 Mich. 198,
wherein Justice FELLOWS held that an *alias* issued

without proper basis was not void but should be "treated as a new writ;" but he there specially stated: "In the instant case the statute of limitations is not involved." When the *Gunn Case* was decided, Circuit Court Rule No. 18, § 2, provided, as it still provides, that any time after the filing of the return of an unserved writ an *alias* or *pluries* writ may be issued "by leave of the court upon proper showing by affidavit satisfying the court that service could not, with reasonable diligence, have been made sooner." But we are of the opinion that the provision in this rule for issuing an *alias* or *pluries* writ "*at any time thereafter*" was not designed to abolish or circumvent the limitations otherwise applicable to an action; and that in cases such as this wherein there is a clear break in the continuity of the action during which the statute of limitations becomes effective or the suit is otherwise barred, the right of action is terminated. The circumstances surrounding these parties did not deprive the plaintiff of an opportunity to have his rights adjudicated; but he was required to submit his case to a court having jurisdiction of the defendant. This he did not choose to do; but instead allowed his right of action to become barred by the terms of the contract he had made with the defendant.

The judgment entered in the circuit court is affirmed, with costs of this court to the appellee.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.