ORLICH v. HOUGHTON CIRCUIT JUDGE.

1. APPEARANCE—IRREGULARITIES AS TO SERVICE AND RETURN—WAIVER.

Irregularities as to service and return of process in replevin suit were waived by general appearance.

2. Judgment—Default Judgment—Motion to Set Aside—Discretion of Court.

Motion to set aside default judgment in replevin suit on the ground that defendant had a meritorious defense, and that defendant's former counsel had failed, without defendant's fault, to file plea and to defend as he had been directed, was addressed to the sound discretion of the court.

3. Mandamus—Question Raised by Plea to Judge's Return Not Discussed.

A question attempted to be raised by plea to the return of the circuit judge, in mandamus proceedings to compel the judge to grant a motion to set aside a default judgment, may not be discussed by the Supreme Court.

Mandamus by Mike Orlich to compel John G. Stone, Houghton circuit judge, to vacate an order denying a motion to vacate a default judgment in replevin. Submitted January 8, 1929. (Calendar No. 33,762.) Writ denied March 29, 1929.

*Derham & Derham,* for plaintiff.

*Galbraith & McCormack,* for defendant.

Clark, J. Division No. 1 of the Ancient Order of Hibernians of Hancock, a corporation, commenced suit in replevin against Mike Orlich. The writ was executed on August 17, 1927, and the return is dated August 19th. On August 27, 1927, general appearance of defendant was entered by his attorney. Declaration was duly filed and served. On October 24, 1927, default of defendant for failure to plead was duly entered and copy thereof served on defendant's counsel. On February 23, 1928, defendant, by his present counsel, filed an amended motion asking that the default be set aside, averring irregularities respecting service and return of the writ, a meritorious defense, and that defendant's former counsel

had failed, without defendant's fault, to file plea and to defend as he had been directed. The showing was by affidavits and there was like counter showing. The motion was heard on March 9, 1928, and denied.

Defendant seeks writ of mandamus commanding the trial judge to grant the motion.

In denying the motion the trial judge held:

(1) "That all irregularities as to service and return of process, if any there were, were waived by B. H. T. Burritt, as attorney for the defendant in the replevin suit, relator herein, by general appearance. * * *"

The holding relative to the effect of entering a general appearance is correct and needs no citation of authority. That being so, that the default was regularly taken cannot be questioned.

(2) "That the motions to set aside default and the affidavits in support thereof not only failed to show that the defendant in the replevin suit had a meritorious defense but affirmatively showed that said defendant had no meritorious defense."

The holding of the trial judge relative to the merits of the defense has ample support in the record. The motion was addressed to the sound discretion of the court. *Detroit Taxicab & Transfer Co.* v. *Wayne Circuit Judge,* 203 Mich. 105. We find no abuse of discretion.

A question attempted to be raised by plea to the return of the circuit judge calls for no discussion. See *Patrons' Mutual Fire Insurance Co.* v. *Wexford Circuit Judge,* 227 Mich. 154.

It follows that the writ is denied, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.