### HARVEY v. STEWART.

1. PLEADING—AMENDMENT—ANSWER.
   Under Court Rule No. 26, answer, not having been amended after amendment of declaration, remained in effect as to amended declaration.

2. APPEARANCE—IRREGULARITIES WAIVED—JURISDICTION.
   Jurisdictional irregularities are waived by general appearance and pleading to merits of case.

3. SAME—JURISDICTION OF PERSON—WAIVER.
   Where defendants entered appearance and pleaded general issue, they waived question of court's jurisdiction, and therefore dismissal of case on ground that neither party was resident of county in which action was brought was error.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 7, 1932. (Docket No. 22, Calendar No. 36,182.) Decided September 16, 1932.

Case by Grace Harvey against Ralph Stewart, Jack Campbell, and Chrysler Corporation, a foreign

corporation, for personal injuries sustained in an automobile accident. From order of dismissal as to defendants Stewart and Chrysler Corporation, plaintiff appeals. Reversed, and remanded.

*R. M. Van Dyne,* for plaintiff.

*Robert E. Plunkett,* for defendant Stewart.

*Frederick J. Ward,* for defendant Chrysler Corporation.

BUTZEL, J.  Grace Harvey, plaintiff, was a resident of Flint, in Genesee county, at the time she brought the instant suit in Oakland county against Jack Campbell, Ralph Stewart, and the Chrysler Corporation, defendants. She seeks to recover damages for injuries she claims to have sustained in a collision in which the car she was riding in was struck both by the Oldsmobile car driven by Campbell and the Dodge car belonging to Chrysler Corporation and driven by Stewart. The accident happened in Oakland county, of which she claims Campbell is a resident. In an amended declaration she claims the negligent operations of both the Oldsmobile and Dodge cars were co-operating and concurrent acts. Campbell was never served with the process. Stewart, a resident of Wayne county, and the Chrysler Corporation were both served in Wayne county. They entered their appearances and pleaded the general issue. After the filing of the amended declaration, they moved to dismiss, claiming that plaintiff was a resident of Flint, Stewart of New York State, and the Chrysler Corporation a foreign corporation, that the latter two were served with process in Wayne county, and that none of the parties, either plaintiff or defendants, are residents

of Oakland county, that there was no joint liability on the part of defendants, and therefore the court had no jurisdiction.

It is conceded that plaintiff is now a resident of Flint, but in the affidavit filed in opposition to the motion to dismiss, it is claimed that she was a non-resident of the State of Michigan at the time of the accident. Other questions of jurisdiction are also raised. Service was not obtained upon Campbell, and an order was entered dismissing the cause of action as to him. The trial judge also granted the motion to dismiss as to the other two defendants, and plaintiff appeals from this order.

Defendants Stewart and Chrysler Corporation appeared and answered the declaration by pleading the general issue. Under Court Rule No. 26, the answer, not having been amended, remained in effect as to the amended declaration. It has been held in similar cases that jurisdictional irregularities are waived by general appearance and pleading to the merits of a case. *Hempel* v. *Bay Circuit Judge,* 222 Mich. 553, 559; *Croff* v. *DeVries,* 253 Mich. 180.

The order dismissing the case against Stewart and the Chrysler Corporation is herewith reversed, with costs to plaintiff, and the case remanded for further proceedings.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.