## DANAHER *v.* ROSS.

1. LIMITATION OF ACTIONS—PERSONAL INJURIES—SERVICE OF PROCESS—COURT RULES.

   Three-year period of limitation upon cause of action for fatal personal injuries *held*, to have expired where accident occurred August 25, 1931, suit was started and summons issued June 29, 1934, returnable August 3d, return of non-service made November 8th, return filed and *alias* requested November 14th, *alias* issued November 20th, placed in hands of sheriff February 7, 1935, service obtained February 11th, and declaration filed March 2d, in absence of showing of any justification for delay of service upon defendant, a high school instructor, and delays were not excused by provisions of court rules relative to issuance of *alias* summons (3 Comp. Laws 1929, §§ 13976, subd. 2, 14101; Court Rules Nos. 13, § 2, 27, § 1 [1933]).

2. DISMISSAL AND NONSUIT—LIMITATION OF ACTIONS.

   Motion to dismiss *held*, proper where action for fatal personal injuries was barred by statute of limitations (3 Comp. Laws 1929, § 13976, subd. 2; Court Rule No. 18 [1933]).

Appeal from Washtenaw; Sample (George W.), J. Submitted November 20, 1936. (Calendar No. 38,642.) Decided December 28, 1936.

Case by Wilber Danaher, administrator of the estate of Martin Kooyoumijian, deceased, against DeForest Ross for fatal personal injuries sustained by plaintiff's decedent in an automobile accident. From order denying defendant's motion to dismiss, he appeals. Reversed and case dismissed.

*Edward J. Dwyer* and *William J. Hennes,* for plaintiff.

*Frederick J. Ward,* for defendant.

North, C. J. Plaintiff's decedent was killed in an auto accident August 25, 1931. It is charged in plaintiff's declaration that defendant's negligence caused the accident and damages are sought. This suit was started by summons issued June 29, 1934, returnable August 3, 1934. Service of the original summons was not obtained. The three-year period of limitation within which to bring suit (3 Comp. Laws 1929, § 13976, subd. 2) expired August 25, 1934. Return of the original summons was not filed until November 14, 1934, at which time an *alias* was requested. The *alias* was issued November 20, 1934, but it was not placed in the sheriff's hands for service until February 7, 1935. Service was obtained four days later. Thereafter defendant entered a special appearance and moved to dismiss, asserting that he had not been served with "lawful process;" that no declaration had been filed though more than 15 days had elapsed since the suit was commenced (Court Rule No. 27, § 1 [1933]); and that plaintiff's suit was barred by the statute of limitations. On

the same day plaintiff filed his answer to defendant's motion to dismiss (March 2, 1935), the declaration was filed. On July 9, 1935, the circuit judge denied defendant's motion to dismiss. Leave having been granted, defendant has appealed.

The meritorious question is whether plaintiff's cause of action is barred by the three-year limitation provided in 3 Comp. Laws 1929, § 13976, subd. 2. The answer hinges on whether there was such a continuity in the prosecution of plaintiff's suit after the return day of the original summons as tolled the running of the statute. Defendant resided in the county where suit was instituted and was an instructor in a high school. No justification appears in the record for the delay in obtaining service of process. The return day of the original summons was 22 days before the expiration of the statutory limitation period. During this time there was no issued summons of which valid service could have been made. The life of the original summons placed for service in the hands of a constable in an adjoining county had expired. For over five months after the date on which the statutory limitation ran no suit was pending against defendant. No live process was in the hands of any person for service from August 25, 1934, to February 7, 1935. The return of non-service of the original summons was not made until November 8, 1934, and filed six days later. The return consists merely of the constable's sworn statement "that he was unable to serve the attached summons upon DeForest Ross, the defendant named therein." The *alias* summons, issued November 20, 1934, was not given to the sheriff for service until the following February 7th. The record contains no showing of justification for such delay. Service was obtained February 11, 1935, but this was five and a half months after the statute of

limitations had run. The original summons was not returned with anything like reasonable promptness after the return day stated in the process. Such delay is not excusable merely because a court rule provides for the issuance of an *alias* summons within ten days after the return of previous process unserved. Court Rule No. 13, § 2 (1933). Surely the orderly prosecution of a suit necessitates reasonable diligence in attempting to obtain service of process and in making the return regardless of whether service of process is obtained or is not obtained before the return day. In this connection see 3 Comp. Laws 1929, § 14101.

In addition to the foregoing the *alias* summons in the instant case was not placed in the hands of anyone for service until two and a half months after its belated issuance. The period of limitation fixed by the statute cannot be extended by such inexcusable and dilatory tactics. *Parker Bros. Co.* v. *Railroad Co.*, 242 Mich. 214.

Defendant's motion to dismiss was proper under our practice. See Court Rule No. 18 (1933). The circuit judge was in error in denying defendant's motion, and his order must be reversed. Plaintiff's suit is dismissed without a new trial. Costs of both courts to the defendant.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.