TOMKIW *v.* SAUCEDA.

1. PROCESS—NONRESIDENT MOTORIST—STATUTES.

A defendant motorist's lack of objection by motion to dismiss to the fact that a notice of service of the summons on the secretary of State was not served on defendant, as it and a copy of the summons itself are required to be by vehicle code, constitutes a waiver of any deficiency in that regard (CLS 1961, § 257.403).

2. APPEAL AND ERROR—INTERLOCUTORY ORDER—FINAL ORDER.

An appellant can properly seek review of an interlocutory order or decree leading to a final order or decree on appeal from the latter.

3. SAME—ORDER FOR ISSUANCE OF ALIAS SUMMONS—FINAL ORDER.

An order for issuance of an alias summons and impliedly denying the alternative of a default judgment, not having finally disposed of any portion of the subject matter is not a final order and is reviewable on appeal from a final order of dismissal.

4. TRIAL—ALTERNATIVE MOTION—DEFAULT JUDGMENT—ALIAS SUMMONS.

Plaintiff who moved in the alternative for a default judgment or the issuance of an alias summons, may not claim error in the order granting his motion for issuance of an alias summons.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 866, 867.
14 Am Jur, Courts § 192.
[2] 4 Am Jur 2d, Appeal and Error § 47.
[3] 5 Am Jur 2d, Appeal and Error § 856.
[4] 4 Am Jur 2d, Appeal and Error §§ 185, 242.
Right of winning party to appeal from judgment granting him full relief sought. 69 ALR2d 701.
[5] 5 Am Jur 2d, Appeal and Error § 879.
[6] 4 Am Jur, Appeal and Error § 47.
[7] 42 Am Jur, Process § 1 *et seq.*
[8] 8 Am Jur 2d, Automobiles and Highway Traffic § 867.
[9] 42 Am Jur, Process § 7.
[10] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit §§ 63, 68.

5. JUDGMENT—MOTION TO DISMISS—REASONS ASSUMED.

It is assumed that an order granting a motion to dismiss is granted for the reasons proffered by the prevailing party, where the judge does not provide a statement of reasons for the order.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ALIAS SUMMONS—MOTION TO DISMISS.

The validity of an order for the issuance of an alias summons is the pivotal issue for review on appeal, where the invalidity of such order was assigned as a reason for granting the defendant's motion to dismiss, notwithstanding plaintiff could not complain of the order granting his request for issuance of the alias summons by review of the interlocutory order granting his motion.

7. PROCESS—QUASHAL OF RETURN ON ORIGINAL SUMMONS—ALIAS SUMMONS.

An order quashing the return on an original summons and ordering issuance of an alias summons in effect rules that the previous writ had not been served (Court Rule No 13, § 2 [1945]).

8. SAME—SUBSTITUTED SERVICE—REGISTERED MAIL—REFUSAL OF DELIVERY.

A defendant must have actual notice of the pendency of an action before jurisdiction over him is acquired, and where registered mail is returned undelivered, no valid service is had upon defendant especially where the statute requires that the return receipt be made a part of the record of the substituted service, or requires personal delivery of the registered mail, but such rule does not apply to a defendant who refuses delivery of the missive (CLS 1961, § 257.403).

9. SAME—ALIAS SUMMONS—TIME.

Leave for issuance of an alias summons may be granted only on request made within a reasonable time after the return date of the previous summons and supported by a showing of good cause for the delay (Court Rule No 13, § 2 [1945]).

10. SAME—ALIAS SUMMONS—BREAK IN CONTINUITY—STATUTE OF LIMITATIONS.

Plaintiff who waited a year after return date of original unserved summons on nonresident motorist and proffered settlement negotiations as a reason for the delay failed to make a proper showing for such summons, hence, trial court's order dismissing the cause because of the break in continuity and barring by statute of limitations was not error (CLS 1961, §§ 257.403, 600.5805).

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted May 5, 1964. (Calendar No. 34, Docket No. 49,963.) Decided January 5, 1965.

Declaration by Zenobius M. Tomkiw against Gerardo M. Sauceda for injuries allegedly arising from an automobile accident. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Dann, Rosenbaum, Bloom & Kaufman (Leslie D. Bloom,* of counsel), for plaintiff.

*Sullivan, Sullivan, Hull & Ranger (Robert E. Sullivan,* of counsel), for defendant.

KAVANAGH, C.J.   The declaration in this case seeks damages for injuries allegedly sustained by plaintiff in Detroit on October 11, 1957, in an automobile collision caused by defendant's negligence. Plaintiff, a resident of Wayne county, Michigan, filed the declaration on September 14, 1960, in Wayne county circuit court. Proof of service of summons on the Michigan secretary of State on September 23d was filed on October 25, 1960. It indicated that service was made upon the secretary of State and a duplicate copy of the summons was mailed to defendant at his last known address, in Toledo, Ohio, in accordance with the statute providing for service on nonresident motorists.[1] Attached to the proof of service was the envelope containing a copy of the summons, which had been mailed to defendant by registered mail. It had been returned undelivered and marked, "Moved, left no address."

On October 20, 1961, plaintiff filed an affidavit and order of default, and on November 14, 1961, a "motion for default judgment or in alternative, alias summons."

_____

[1] CLS 1961, § 257.403 (Stat Ann 1960 Rev § 9.2103).

On December 22, 1961, a circuit judge ordered the issuance of an alias summons and the quashing of the return of service, and thereby impliedly denied the alternative relief of a default judgment. The alias summons was issued on January 2, 1962, and allegedly served on the secretary of State on January 5, 1962, and a copy thereof allegedly sent by registered mail addressed to defendant at a Cleveland, Ohio, address on January 9, 1962. It appears from the motion to dismiss and answer thereto, each verified by affidavit, that attempts were made by plaintiff to reach defendant with copies of the original and alias summonses, sent successively by registered mail to addresses in several Ohio cities which appear to have been previously vacated residences of defendant.

It is alleged that defendant received one of the copies of the alias summons some time in March, 1962, and on March 20, 1962, defendant's attorneys entered a special appearance in the case.

In May, 1962, defendant made a motion to dismiss on the basis that the issuance of the alias summons was invalid. He claimed the statute of limitations[2] continued to run during a break in continuity of the action—a break caused by the invalidity of service of the original summons and unreasonable delay in requesting issuance of an alias—and barred the action. Plaintiff's answer to the motion to dismiss admitted all pertinent factual assertions, disputed defendant's legal interpretation of their significance, and asserted affirmatively his several unsuccessful attempts to serve defendant with a copy of the summons.[3] After hearing arguments, a different judge

---

[2] CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

[3] The lack of objection by defendant on motion to dismiss to the fact that a *notice* of service of the summons on the secretary of State was not served on defendant, as it *and* a copy of the summons itself are required to be by the statute, constitutes a *waiver by de-*

of the Wayne circuit granted the motion to dismiss, stating, however, that nothing therein contained should be construed as passing upon the propriety of or as affecting the subject matter contained in the order made and entered on December 22, 1961, by the other judge. Plaintiff claims an appeal from the order of dismissal and from the order of December 22, 1961, granting plaintiff's motion for issuance of an alias summons, on a general appeal.

It is first to be noted that appellant can properly seek review of an interlocutory order or decree leading to a final order or decree on appeal from the latter.[4] Since the order for issuance of an alias summons and impliedly denying the alternative of a default judgment did not finally dispose of any portion of the subject matter, it is not a final order[5] and is, therefore, reviewable on appeal from the final order of dismissal.

The trial judge granted plaintiff's motion for issuance of an alias summons. The form of the motion was in the disjunctive. It sought, in the alternative, a default judgment or the issuance of an alias summons. Plaintiff had one of the alternative requests granted. He cannot now be heard to complain of the granting of his own request. The situation is not unlike that of a consent order, about which Justice COOLEY said: "But neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court."[6] Therefore, plaintiff cannot claim error in the order granting his motion for issuance of an alias summons.

---

fendant of any deficiency in that regard. Such a defect could be invalidating when properly brought to the trial court's attention.

[4] *American Eutectic Welding Alloys Sales Co., Inc.,* v. *Grier,* 363 Mich 175, 183, 184. See Callaghan's Michigan Pleading and Practice (1st ed), § 57.101, pp 114, 115.

[5] *Equitable Trust Co.* v. *Bankers Trust Co.,* 268 Mich 394.

[6] *Chapin* v. *Perrin,* 46 Mich 130, 131. See, also, *Sauer* v. *Rhoades,* 338 Mich 679, and cases therein cited.

Contrary to the self-contradictory phrasing of the final order, however, the validity of the interlocutory order is very much at issue as the announced basis of defendant's motion to dismiss. That motion is before us for review without the benefit of a judicial statement of reasons for the order. In such a case we must assume they are those proffered by the prevailing party. The basis proffered on motion in this case is the invalidity of the alias summons.

It is by this rather circuitous road that we arrive at the pivotal issue we are called upon to resolve, namely: Was the alias summons issued invalidly because of a break in continuity of the action?

Court Rule No 13, § 2 (1945) provided for the issuance of alias writs as follows:

"On the return of the writ, unserved, further writs, to be designated as first alias, second alias, et cetera, as the case may be, may be issued as of course at any time within 10 days after the filing of such return or within a reasonable time thereafter by leave of court on good cause shown."

By quashing the previous return and ordering issuance of an alias writ, the court ruled in effect that the previous writ had not been served. This ruling accurately reflected the general rule, which is well stated at 8 Am Jur 2d, Automobiles and Highway Traffic, § 867, p 423:

"Some courts have construed such provisions to mean the defendant must have actual notice of the pendency of the action before jurisdiction over him is acquired, and have held that where the registered mail is returned undelivered, there is no valid service upon the defendant, *particularly where the statute requires that the return receipt be made a part of the record of the substituted service,* or requires personal delivery of the registered mail."[7] (Emphasis supplied.)

_____
[7] In addition to the cases cited by the editors of that statement,

We find this position to be the most tenable, especially since the applicable Michigan statute (*supra,* footnote 1) does require that the return receipt be made a part of the record of service. As is noted immediately following that statement, however, the rule does not apply where it is proven that defendant refused delivery of the missive.

"Nonresidents cannot, however, refuse registered letters sent in accordance with the statute and then complain because no return receipt has been filed as the statute requires."[8]

No such proof has been offered in this case.

This Court has for many years been demanding compliance with the rule requirement that leave for issuance of an alias be granted only on request both made within a reasonable time after the return date and supported by a showing of good cause for the delay. *Colling* v. *McGregor,* 144 Mich 651; *Parker Bros.* v. *Pennsylvania Railroad Co.,* 242 Mich 214; *Danaher* v. *Ross,* 278 Mich 485; *Home Savings Bank* v. *Fuller,* 299 Mich 9, and cases therein cited. See, also, *Eves* v. *Duda,* 373 Mich 427. From these cases it is apparent that plaintiff was far from satisfying these requirements in waiting for a year and in proffering settlement negotiations as a "good cause" reason.

Since no valid service was had on defendant under the original writ, and since the continuity of the action was broken by failure timely and for good cause to request issuance of an alias, the trial court

---

the following bolster the position: *Parker* v. *Bond* (Mo), 330 SW2d 121; *Spearman* v. *Stover* (La App 1936), 170 So 259; *Syracuse Trust Co.* v. *Keller,* 35 Del 304 (165 A 327); *Dwyer* v. *Shalek,* 232 App Div 780 (248 NYS 355).

[8] 8 Am Jur 2d, Automobiles and Highway Traffic, § 867, p 423.— REPORTER.

did not err in dismissing the cause because barred by the statute of limitations.

Affirmed. Costs to appellee.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.