RICABY *v.* GENTLE.

LIMITATIONS—REMOVAL OF BAR—NEGLIGENCE OF OFFICER.
    When, through a sheriff's failure to make return of a summons
      in due season, a suit is abated, the plaintiff may commence
      anew at any time within a year, though the statute of limita-
      tions has in the meantime run against the claim; 3 Comp.
      Laws 1897, § 9738, giving a plaintiff such right where the
      original writ fails of a sufficient return "by any default or
      neglect of the officer to whom it is committed."

Error to Berrien; Coolidge, J. Submitted November
15, 1899. Decided December 12, 1899.

*Assumpsit* by Robert Ricaby against Samuel Gentle
upon a justice's judgment. From a judgment for plain-
tiff, defendant brings error. Affirmed.

This case was tried before the court without a jury, and
the following findings made:

## "FACTS.

"A valid judgment was obtained by the plaintiff against
the defendant, before Alonzo Plummer, a justice of
the peace, on September 7, 1888, for the sum of $290.36
and costs of suit, taxed at $3.20. On August 23, 1894,
a summons was issued out of this court in favor of
the plaintiff and against the defendant, returnable October
9, 1894, and placed in the hands of the sheriff for service
on the day of issue. In July, 1894, Gentle went to
Europe on business matters, and did not return to this
country till October 11, 1894. He was gone less than
three months. His residence has been in Benton Harbor,
in this county, since July, 1872. The return of the sheriff
to the first summons was made November 27, 1894. This
return recites that he was unable to obtain service of the
summons on the defendant, Gentle, within the lifetime of
the summons. The return was filed with the clerk of this
court November 27, 1894. On the same day, November

27, 1894, a new summons, purporting to be an *alias* summons in favor of the plaintiff and against the defendant, was issued out of this court, and personally served by the sheriff on the defendant, Gentle, December 3, 1894. The declaration was filed on December 11, 1894, and plea subsequently entered. Nothing has ever been paid on the judgment.

## "LAW.

"I find as conclusions of law:

"1. That it was the duty of the sheriff to make return of the original summons on its return day, October 9, 1894, and that as he did not make return till November 27, 1894, he was guilty of neglect, within the meaning of section 8723, 2 How. Stat.

"2. I find that, as 47 days elapsed between the return day of the original summons and the issuing of the alleged '*alias*' summons, that the continuity of action was broken, and that the first action was abated.

"3. I find that, as the plaintiff commenced his new action immediately upon the return of the original summons, he was not guilty of neglect; that he did all that the law required of him; and that the original action abated, not because of any neglect or delay on his part, but on account of neglect of the sheriff in not making his return.

"4. I find that the service of the '*alias*' summons was the commencement of a new action within one year after the abatement of the first action; that such abatement was caused by insufficient return of the sheriff to the original summons, by negligent failure to make return thereof before November 27, 1894, and on account of 'matter of form.'

"5. I find that the plaintiff is entitled to recover judgment against defendant, Gentle, for the amount of the original judgment rendered September 7, 1888, with interest at 7 per cent. thereon, amounting in all to $516.60, with costs of suit."

*Andrews & Murdoch* ( *N. A. Hamilton,* of counsel), for appellant.

*George W. Bridgman,* for appellee.

PER CURIAM. The provisions of the statute are as follows (3 Comp. Laws 1897, § 9738) :

"If, in any action duly commenced within the time limited in this chapter and allowed therefor, the writ or declaration shall fail of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form, or if, after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said one year."

The court found that the officer was guilty of negligence in not returning the original summons. This being so, the statute would be meaningless unless the judgment were sustained. We think the court arrived at the correct conclusion, and the judgment is affirmed.