FLETCHER *v.* WEISS.

1. LIMITATION OF ACTIONS—CONTINUITY OF ACTION—DISMISSAL FOR DEFECTIVE PROCESS.

> If six months' delay in making return of first summons in an action which had been duly commenced is caused by the default or neglect of the deputy sheriff and dismissal of the action is solely on ground that continuity of the action had been interrupted a plaintiff would be in a position to begin a second suit within a year as such a dismissal would not have affected the merits of the cause of action itself (3 Comp. Laws 1929, § 13982).

2. JUDGMENT—DISMISSAL OF DECLARATION—LIMITATION OF ACTIONS —RES JUDICATA.

> Order dismissing declaration in action for personal injuries because the continuity of the action had been interrupted and during such time the cause became barred by the statute of limitations, being a final and appealable order but from which no appeal was taken, amounted to a final adjudication that plaintiff's cause of action itself was barred and could not thereafter constitute a basis for recovery, hence subsequent action between same parties on identical cause of action was properly dismissed although brought within a year of dismissal of first action (3 Comp. Laws 1929, §§ 13976, 13982).

Appeal from Wayne; Keidan (Harry B.), J. Submitted June 8, 1938. (Docket No. 34, Calendar No. 40,066.) Decided October 3, 1938.

Case by Dolores Fletcher against Max Weiss for personal injuries sustained in a motor vehicle collision. Motion by defendant to dismiss. Declaration dismissed. Plaintiff appeals. Affirmed.

*Aaron Kurland* (*Colin J. McRae,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendant.

Butzel, J.   On December 30, 1933, plaintiff began an action for personal injuries, claimed to have been suffered on January 1, 1931, against defendant by issuance of a summons returnable on or before March 28, 1934.   No return was made until October 10, 1934, when the deputy sheriff filed a return dated October 6, 1934, stating that after diligent search and inquiry, he was unable to find the defendant. The record shows no excuse for the unreasonable delay in making the return more than six months after the return date.

On October 10, 1934, another summons, in form an original, was issued and served.   On April 23, 1936, an order was entered by the circuit judge, stating that the cause had come to trial on the merits; that defendant's counsel had moved to dismiss upon the ground that the continuity of the action had been interrupted and during such time the cause became barred by the statute of limitations; that the court found that the cause was so barred; and thereupon dismissed the suit.   The order of dismissal on the ground that the statute of limitations had run was final and appealable if the court was in error, a question not before us.

On February 15, 1937, a new suit was begun, the parties and cause of action being identical with those of the previous one.   The lower court, in dismissing the cause, held that the order in the first suit was *res judicata* and barred the instant suit.

Plaintiff appeals, claiming under 3 Comp. Laws 1929, § 13982 (Stat. Ann. § 27.611), the right to bring a second suit within a year after the dismissal of the first.   Section 13982, *supra,* provides that if

an action is duly commenced within the time limited by the other provisions of the statute, but should "fail of a sufficient service or return, by an unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise * * * defeated * * * for any matter of form," a second suit may be brought within one year.

If, in fact, the delay in making the return of the first summons of the first suit was caused by the default or neglect of the deputy sheriff, and if the dismissal of the first suit had been solely on the ground that continuity of the action had been interrupted, plaintiff would then have been in a position to begin a second suit within a year. *Ricaby* v. *Gentle,* 122 Mich. 336. Such a decision would not have affected the merits of the cause of action itself, barring a subsequent suit thereon, but would merely have adjudicated that the particular proceedings involved were defective and could not be continued.

However, the first suit was dismissed expressly on the ground that the cause of action was barred by the statute of limitations. It amounted to a final adjudication that plaintiff's cause of action itself was barred by the statute of limitations, and could not thereafter constitute a basis for recovery. Plaintiff should then have appealed if the order of dismissal was incorrect. Not having done so, the dismissal of the first suit on the ground that the cause of action was barred by the statute of limitations is *res judicata* and requires dismissal of the instant suit.

The order of dismissal is affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.