## LACNEY *v.* WELLS.

1. PROCESS—CONTINUITY OF ACTION—STATUTE OF LIMITATIONS.
   Continuity of action against specially appearing defendant was broken, where there was an unexplained lapse of 65 days after return day of original summons before plaintiff's counsel made any effort to activate sheriff in another county to make return of service of process if the statute of limitations which would normally have run before the return date of the original summons was not otherwise tolled (CL 1948, §§ 609.17, 609.19; CLS 1956, § 609.13; Court Rule No 13, §§ 1, 3 [1945]).

2. LIMITATION OF ACTIONS—TOLLING OF STATUTE—ABSENCE OF DEFENDANT FROM STATE—CONTINUITY OF ACTION.
   Plaintiff who finally obtained service of process upon specially appearing defendant over 3 years after sustaining personal injuries allegedly because of such defendant's negligence *held*, entitled to get such defendant's testimony by deposition concerning such defendant's absences from State to make a proper basis for determining whether or not statute of limitations had been tolled and thereby ascertain whether continuity of action had been broken or situation presented permitting commencement of new action (CL 1948, §§ 609.17, 609.19; CLS 1956, § 609.13; Court Rule No 13, §§ 1, 3 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Limitation of Actions § 247 *et seq.*
[2] 34 Am Jur, Limitation of Actions § 216 *et seq.*
[3] 14 Am Jur, Costs §§ 10, 11.

3. COSTS—NEITHER PARTY PREVAILING.

No costs are allowed on appeal from order denying specially appearing defendant's motion to quash alias summons, where the motion to quash is ordered reheard pursuant to directions given, as neither party has prevailed (CL 1948, §§ 609.17, 609.19; CLS 1956, § 609.13; Court Rule No 13, §§ 1, 3 [1945]).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 5, 1960. (Docket No. 19, Calendar No. 48,521.) Decided March 1, 1961.

Case by Virginia Lacney against Gilbert Wells and Bertha Wells, the latter added as party defendant after commencement of suit, for personal injuries sustained at ski resort. Alias summons granted for service on defendant Bertha Wells after time designated in statute of limitations had elapsed. Motion to quash service denied. Defendant Bertha Wells appeals. Order set aside and case remanded for rehearing of motion after taking defendant's testimony in respect to her absences from State.

*Peter M. Davidson,* for plaintiff.

*Kenneth J. Logan,* for defendant Bertha Wells.

SOURIS, J. Plaintiff claims to have been injured while using the ski tow at the Snow Valley Ski Club in Otsego county, owned by defendants, on February 4, 1956. Suit for damages was started against defendant Gilbert Wells in November of 1958 and service of summons was made upon him in Wayne county shortly thereafter. In January of 1959, by order authorizing addition of defendant Bertha Wells as a party defendant, summons was issued directed to her. The return date on that original summons was March 14, 1959, and the summons was sent to the sheriff of Otsego county* for service upon

* CLS 1956, § 613.27 (Stat Ann 1959 Cum Supp § 27.757).

Bertha Wells. The statute of limitations applicable to this cause of action* would have barred this action on February 4, 1959 but for the live process, the original summons, which could have been served at any time prior to March 14, 1959.

The summons was not served prior to its return date and the Otsego county sheriff did not file his return showing nonservice of the summons immediately after "the last day fixed for service", as required by Court Rule No 13, § 1 (1945). In fact, nothing further was done in this cause by plaintiff's counsel until May 8, 1959. On that date plaintiff's counsel filed a motion for the issuance of an alias summons. Defendant Gilbert Wells filed objections thereto and, on May 18th, at the hearing on plaintiff's motion, the trial judge advised plaintiff's counsel to obtain from the Otsego county sheriff the original summons with proof of nonservice for filing. Counsel for plaintiff thereupon procured from the sheriff the original summons with proof of nonservice and filed it on May 27, 1959, 74 days after the return date on the summons. On June 8, 1959, the trial court overruled defendant Gilbert Wells' objections and entered an order authorizing the issuance of an alias summons directed to Bertha Wells, appellant herein. Alias summons was served on Bertha Wells on June 30, 1959.

A special appearance was entered for Bertha Wells, and she moved to quash service of the alias summons on the ground that the statute of limitations referred to above barred the action against her, the long delay in issuance of the alias summons constituting a break in the continuity of the action. See *Hammel* v. *Bettison,* 362 Mich 396. Her motion to quash was denied. Following denial of a motion

* CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).

for rehearing filed in her behalf, this appeal was taken on leave granted by this Court.

In this appeal, plaintiff defends the action taken by the trial court below on 2 separate and distinct grounds. First, plaintiff claims that the record discloses that Bertha Wells was absent from the State during 2 periods, each in excess of 2 months, so that the statute of limitations was tolled by her absences as provided for by CL 1948, § 609.17 (Stat Ann § 27.609) and that, therefore, there was no bar to the issuance of the alias summons.

The second ground relied upon by plaintiff is based upon CL 1948, § 609.19 (Stat Ann § 27.611), which provides, in pertinent part, as follows:

"If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within 1 year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in the case of his death, commence such new action within the said 1 year."

We shall first consider plaintiff's reliance upon the above quoted statute. Plaintiff claims that the sheriff's failure to return the original summons showing nonservice until after request was made upon him in May constitutes official neglect within the meaning of the statute and that, consequently, issu-

ance and service of the alias summons should be considered as the commencement of a new action within 1 year after abatement of the first action, citing *Ricaby* v. *Gentle,* 122 Mich 336. In *Ricaby* v. *Gentle,* the trial judge made a number of findings of fact, which findings were in writing and are incorporated in this Court's opinion. It appears that the trial judge found that there was, in fact, official neglect by the sheriff in that case, and he also found that the plaintiff was not guilty of neglect. Those findings were based upon a full testimonial record made at trial. In the case at bar, the trial court's decision was made on motion and without opinion. From the record which was before the trial court, however, it clearly appears that no effort was made by plaintiff to establish by affidavit or otherwise the sheriff's alleged official neglect or to otherwise explain the sheriff's failure to return the original summons showing nonservice immediately after the last day fixed for service, as he was required to do by our Court Rule No 13, § 1 (1945); nor does the record disclose any effort whatever by plaintiff's counsel to require the sheriff to return the summons, as provided for in our Court Rule No 15, § 2 (1945), until 65 days following the return date when the trial judge suggested to plaintiff's counsel on May 18th that the original summons with proof of nonservice would have to be filed before issuance of an alias summons. This record fails to disclose any reason justifying plaintiff's inactivity during the period between the return date and May 18th. At the very least, there is no showing, and none was attempted, of official neglect by the sheriff such as to entitle plaintiff to the benefit of the quoted statute. We think the case of *Home Savings Bank* v. *Fuller,* 299 Mich 9, much closer to the facts involved in the case at bar than is the case of *Ricaby* v. *Gentle, supra.*

In *Home Savings Bank* v. *Fuller,* a period of 33 days intervened between the return date on the original summons and the issuance of the challenged alias summons. The statute of limitations would have expired (but for commencement of the suit) prior to the original return date, as it would have in the case at bar. The court (p 19) pointed out that the return date was July 29th and that "[t]he record discloses that nothing whatever was done by plaintiffs or their attorneys regarding return of the original summons until August 18th, when plaintiffs' attorneys telephoned the Grand Traverse county sheriff and requested him to return the unserved summons." At that time Court Rule No 13, § 3 (1933), as amended, required return of the original summons within 5 days after the return day. That rule, section 1, now requires that it be filed immediately after the last day fixed for service where there is no service. This Court said (pp 22, 23):

"Plaintiffs were chargeable with knowledge of the return day (July 29th) of the original summons, and the failure of the sheriff to make return thereof. *Home Savings Bank* v. *Young,* 295 Mich 725. When the sheriff of Grand Traverse county failed to make his return showing no service on defendant within 5 days after the return day of original summons, it became and was the duty of plaintiffs to take prompt steps to secure the performance of the sheriff's duty. In case the sheriff's return could not be obtained by demand, then Court Rule No 15, § 2 (1933),* provides the method for compelling such return. Plaintiffs were dilatory in obtaining and filing the original summons and sheriffs' returns and having alias summons issued. We conclude that there was a break in the continuity of the action prior to August 31, 1939, and that the statute of limitations, being effective on and after July 25th, barred plaintiffs' right of action."

---

* See CLS 1935, p 1368.—REPORTER.

Concluding its opinion with reference to CL 1929, § 13982, the predecessor to CL 1948, § 609.19 (Stat Ann § 27.611), the Court said that its careful examination of the record convinced it "that the alleged default or neglect in securing return of the original summons and issuance of alias summons was at least in part chargeable to plaintiffs." We conclude that the same can be said with even greater certainty in the case at bar where plaintiff slumbered 65 days between the return date of the original summons and May 18th, when she was stimulated to action by the trial court's gracious suggestion. It is true, as plaintiff confidently asserts, that counsel filed the original summons with proof of no service within 1 day after its ultimate receipt from the Otsego county sheriff, whereas in *Home Savings Bank* v. *Fuller* plaintiffs' counsel delayed filing the summons for a period of 7 days, a factor commented upon by this Court as an additional reason for concluding that plaintiffs there failed to use reasonable diligence in securing return of the original summons and issuance of the alias. However, plaintiff here fails to explain her lack of diligence* during the 65 days preceding hearing on the motion for alias summons. We hold that there was a break in the continuity of this action as against appellant. Unless the pertinent statute of limitations was otherwise tolled, no further process can be issued properly against her. We turn now to plaintiff's claim that it was otherwise tolled.

Plaintiff claims that the statute of limitations was tolled because of Bertha Wells' absence from the State within the meaning of CL 1948, § 609.17 (Stat Ann § 27.609). She says that "the record

---

* Reference should be made to the opinion in *Home Savings Bank* v. *Young*, 295 Mich 725, for a clear statement of a litigant's obligation to pursue diligently service of process in litigation such as this where the statute of limitations may constitute a bar if service is not timely made.

clearly shows the sole reason defendant Bertha Wells was not served with the original summons was the fact that she was absent from the State of Michigan and vacationing in Florida." The "showing" contained in the record concerning appellant's absence from the State is found (1) in plaintiff's motion for issuance of alias summons filed on May 8, 1959, (2) in plaintiff's motion for discovery by deposition filed on August 4, 1959, following the issuance of the alias summons, and (3) in plaintiff's written objections to Bertha Wells' motion to quash alias summons filed on August 18, 1959. In the first, plaintiff alleges on information and belief that Bertha Wells was out of the court's jurisdiction during the winters of 1958 and 1959, and in the latter 2 pleadings plaintiff alleges Bertha Wells' absence based upon "communications" between plaintiff and the Otsego county sheriff. No further "showing" of Bertha Wells' absence from the jurisdiction was made, or attempted to be made, by plaintiff.

We do not agree with plaintiff that her "showing" above described was sufficient for the trial court to determine that the statute of limitations was tolled, nor do we consider it sufficient for us to do so on this appeal. Notwithstanding the foregoing, however, it would have been better practice for the trial court to have stayed its decision on the motion to quash service of process until Bertha Wells' deposition could be taken for the purpose specifically requested in plaintiff's motion for discovery, referred to above, to "determine the periods in excess of 2 months during which defendant Bertha Wells was absent from this jurisdiction so as to determine the actual running of the statute of limitations for purposes of this action." As has been noted, one of plaintiff's defenses to the motion to quash was that the statute of limitations had been tolled in any

event and that, consequently, the delay in procuring issuance of the alias summons would not be fatal. To establish this defense, plaintiff sought, and was entitled to get, defendant Bertha Wells' testimony by deposition with reference to this matter.

If we were to reverse the trial court and order that the summons be quashed for the reasons first stated in this opinion, plaintiff thereby would be deprived of a substantial right if in fact CL 1948, § 609.17 (Stat Ann § 27.609), is applicable to toll the statute of limitations. We therefore set aside the trial court's order denying the motion to quash and remand this case to the trial court for the taking of defendant Bertha Wells' testimony by deposition, or otherwise, relating to the periods of time in excess of 2 months at any one time during which she was absent from the State of Michigan from and after February 4, 1956, following which the trial court shall rehear defendant's motion to quash service of process and determine same in the light of this opinion and the evidence offered by the parties hereto pertaining to the applicability of CL 1948, § 609.17 (Stat Ann § 27.609).

No costs, neither party having prevailed.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.