EVES *v.* DUDA.

1. APPEAL AND ERROR—DENIAL OF MOTION TO DISMISS—AFFIDAVITS—
RECORD.

Affidavits, purporting to demonstrate the availability of the
officer whose negligence plaintiff claims was the cause of the
failure to make return of service of the original summons, are
not considered as a part of the record where filed after denial
of motion to dismiss, since they were not a part of the record
below at the time the decision on the motion to dismiss was
made.

2. WORDS AND PHRASES — RETURN — COURT RULES — SERVICE OF
PROCESS.

The *return* of an officer is an official statement by him of what he
has done in obedience to a command from a superior authority,
or why he has done nothing, whichever is required, and such
definition is applicable to the use of the term in the court rules
governing issuance and service of process (Court Rule No 15,
§§ 1, 2 [1945]).

3. PROCESS—RETURN OF SERVICE—COURT RULES.

Whether or not plaintiff's attorney breached his duty to procure
return of service on original summons, and thereby was neg-
ligent *held*, a factual question, under record presented, to be
determined in the light of the permissive language of court
rule allowing a party in interest to cause a rule to be filed
requiring the server to return the process within 5 days after
service of notice of such rule (Court Rule No 15, §§ 1, 2
[1945]).

4. SAME—BREAK IN CONTINUITY OF ACTION—NEGLECT OF OFFICER.

Record on appeal from denial of motion to dismiss because of
alleged break in continuity of action which had been effected
by the failure to make timely return of service or nonservice

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 397 *et seq.*
[2-5] 42 Am Jur, Process § 117 *et seq.*
[6] 34 Am Jur, Limitation of Actions § 282.
[7] 5 Am Jur 2d, Appeal and Error §§ 1011, 1012.

*held,* insufficient to permit the trial court to make a factual finding of the cause of the failure of timely and proper return of the summons (Court Rule No 15, §§ 1, 2 [1945]).

5. Same—Delay in Obtaining Return—Burden of Proof.

Plaintiff has the burden of showing that the cause of delay in getting return of process was such cause as is mentioned in the statute allowing an additional year for filing an additional summons (CL 1948, § 609.19).

6. Limitation of Actions—Abatement of Action—Neglect of Officer—Return.

A plaintiff may commence a second suit within a year after abatement of his first suit, where the failure to make a proper and timely return of the first summons that had been timely issued was caused by the default or neglect of the officer charged with making service of process and return thereon, but if plaintiff's attorney lacked diligence in securing return of service and such lack caused a break in the continuity of service, the statute permitting use of an alias summons would not be applicable (CL 1948, § 609.19; Court Rule No 15, §§ 1, 2 [1945]).

7. Costs—Appeal.

Costs on appeal upon reversal of order denying motion to dismiss are to abide final results.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted April 7, 1964. (Calendar No. 3, Docket No. 50,305.) Decided September 2, 1964.

Case by Frederick Eves against Theodore Thaddeus Duda for personal injuries sustained in automobile collision. Motion to dismiss because of improper issuance of alias summons denied. Defendant appeals. Reversed and remanded.

*Bush, Luce, Henderson & Black (D. Dean Luce,* of counsel), for defendant.

Kavanagh, C. J. Defendant appeals by leave granted from trial court's denial of defendant's motion to dismiss.

Plaintiff commenced this action to recover for personal injuries allegedly suffered because of defendant's negligence in an automobile collision on April 11, 1959. Plaintiff filed a praecipe for summons and had an original summons issued on April 9, 1962. He immediately placed it in the hands of the sheriff for service. The return date on the original summons was May 29, 1962. No service was obtained before the return date.

Plaintiff's attorney allegedly attempted to contact the officer who had the summons in his possession for service. He alleges he was unable to do so at any time from May 29th until the morning of June 13, 1962. In the afternoon of June 13th the officer filed the original summons in the office of the clerk, but without an affidavit or certificate of service or nonservice. On the same date, without order of the court, an alias summons was issued. Service was obtained on defendant and a proper return of service was made on the alias summons.

Defendant appeared specially and moved to dismiss, alleging that the break in continuity of action effected by the failure to make return of service or nonservice caused the action to be defeated by the running of the statute of limitations.[1]

At the argument on the motion to dismiss plaintiff contended that CL 1948, § 609.19 (Stat Ann § 27.-611) saved the action and relied upon the case of *Ricaby* v. *Gentle,* 122 Mich 336, for the proposition that plaintiff's alias summons should be treated as an original summons timely filed because the failure of timely and proper return of the first summons was caused by the default or neglect of the officer.

Defendant countered with the rule of *Home Savings Bank* v. *Fuller,* 299 Mich 9, that plaintiff's attorney's lack of diligence was a partial cause of

---

[1] CLS 1956, § 609.13, subd 2 (Stat Ann 1959 Cum Supp § 27.605).

the failure of return, and this made CL 1948, § 609.19 inapplicable.

The trial court denied defendant's motion with the following comment: "The suit was properly started, and I don't like to see a person thrown out by the malfeasance or nonfeasance of the officers of this court."

After denial of the motion to dismiss, and in connection with the settlement of the concise statement of facts, the trial court included 2 affidavits submitted by defendant purporting to demonstrate the availability of the officer whose negligence plaintiff claims was the cause of the failure to make return of service. These affidavits were not a part of the record below at the time of decision and, therefore, are not considered here on review.

Defendant contends that plaintiff's counsel had not only the right but the duty to procure execution of a return on the summons. He cites as authority for his position former Court Rule No 15, §§ 1 and 2 (1945). Section 1 required proof of service by written acknowledgment, affidavit of service, or the officer's return. Section 2 provided that in the event of failure of the officer to return the summons on or before the specified return date, any party in interest "may cause a rule to be filed requiring such officer or person to return the process within 5 days after service of notice of such rule."

The term "return" has been defined as:

"An official statement by an officer of what he has done in obedience to a command from a superior authority, or why he has done nothing, whichever is required."[2]

This definition has been adopted by this Court[3] as applicable to the use of the term in the court rules

---

[2] Bouvier's Law Dictionary (Rawle's 3d Rev), p 2952.
[3] *Rood* v. *McDonald*, 303 Mich 634, 638.

governing issuance and service of process. Whether plaintiff's attorney breached his duty to procure return of service, and thereby was negligent, is obviously a factual question to be determined in light of the permissive language of said Court Rule No 15, § 2 (1945).

There was no evidentiary record made upon which the trial court could have made a factual finding of the cause of the failure of timely and proper return of the summons. The plaintiff could not, therefore, have sustained the burden, obviously intended by the statute to be imposed upon the plaintiff, to show that the cause of the delay was such cause as is mentioned in the statute as one for which an additional year was allowed for filing another summons.

Therefore, we remand this case to the trial court for a finding, on evidentiary record, of the cause of the failure of timely and proper return of summons. If the trial court finds that the default or neglect of the officer was the cause, the case of *Ricaby* v. *Gentle, supra,* must govern. If the trial court finds that plaintiff's attorney's lack of diligence was the cause, *Home Savings Bank* v. *Fuller, supra,* makes the statute inapplicable.

Reversed and remanded. Costs will abide final results.

DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

BLACK, J., did not sit.