SERA v. EBERLEIN.

1. LIMITATION OF ACTIONS—TOLLING OF STATUTE—DRAMSHOP ACT.
    Service of complaint and summons on defendants on various dates between June 16 and June 21, 1966, which had been delivered to officer for service March 4, 1966, was made too late for action under dramshop act containing 2-year statute of limitations where cause of action arose March 7, 1964, even assuming the statutory provision tolling statute of limitation for up to 90 days after delivery of papers to officer for service was applicable (CLS 1961, §§ 436.22, 600.5856).

2. SAME—DRAMSHOP ACT—STATUTES—ACTION.
    Savings provisions applicable to general statutes of limitation are not applicable to a time of limitation set forth in a statute creating the right sought to be enforced, and this precludes using general savings provisions to expand the 2-year time limitation set forth in the dramshop act (CLS 1961, §§ 436.22, 600.5856).

3. SAME—STATUTES—ACTION.
    Neglect of an officer in serving summons held, not to extend the 90-day period under the revised judicature act providing that when copies of the summons and complaint are in good faith placed in the hands of an officer for immediate service,

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6]  30 Am Jur, Intoxicating Liquors § 546.
[3–5]  34 Am Jur, Limitation of Actions § 254 et seq.

the statutes of limitation are tolled for longer than 90 days after delivery, since the 90-day period was intended to impose a maximum tolling period (CLS 1961, § 600.5856).

4. STATUTES—TOLLING—LIMITATION OF ACTIONS—INTENT.

The failure to carry into revised judicature act a provision of earlier judicature act extending time for commencement of action for 1 year after abatement or determination of a suit, where the failure of the original suit was caused by certain specified defects, may be evidence of legislative intent that general savings provision permitting a maximum of 90 days for service of process after placing it with officer for service was to impose a maximum tolling period (CL 1948, § 609.19; CLS 1961, § 600.5856).

5. LIMITATION OF ACTIONS—TOLLING OF STATUTES—INABILITY TO SERVE PROCESS.

Statutes of limitation are not extended even if the plaintiff's inability to effectuate service within the period of limitations was not the fault of the plaintiff, but rather attributable to plaintiff's inability to locate the defendant after diligent effort (CLS 1961, § 600.5856).

6. SAME—TOLLING STATUTE—DRAMSHOP ACT.

Trial court's entry of an accelerated judgment for defendants in an action under dramshop act for injuries suffered in auto collision March 7, 1964, between plaintiffs and a customer of defendants *held*, proper, where summons and complaint were filed March 4, 1966, 3 days before expiration of special 2-year statute of limitations in dramshop act, and service was not had upon first defendant until June 16, 1966 (CLS 1961, § 436.22; GCR 1963, 116.1).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 May 1, 1967, at Lansing. (Docket No. 2,718.) Decided April 24, 1968.

Complaint by Albert Frank Sera and Assunta Sera against Wilbert Eberlein, Andrew Eberlein, Helmut Bahr, Paul Witte, and Chester C. Manko for injuries arising from auto accident. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Maceroni & Maceroni,* for plaintiffs.

*Caplan & Barsky,* for defendant Manko.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr,* for other defendants.

LEVIN, J. The complaint alleges the defendants are tavern owners who are liable under the dramshop act[1] for injuries suffered by the plaintiffs in a collision March 7, 1964, between an automobile in which the plaintiffs were riding and one driven by a customer of the defendants.

The summons and complaint were filed on March 4, 1966, and on the same day placed in the hands of the Macomb county sheriff for service. March 4, 1966, was 3 days before the expiration of the special statute of limitation set forth in the dramshop act, which requires that "any action shall be instituted within 2 years after the happening of the event." (See footnote 1.) Defendants were not served until various dates between June 16, 1966, and June 21, 1966.

The defendants moved for accelerated judgment pursuant to GCR 1963, 116, on the ground that the plaintiffs' claim was barred by the statute of limitation, and the trial court granted their motions. Plaintiffs appeal from the accelerated judgment entered in defendants' favor.[2]

RJA § 5856[3] provides that the statutes of limitations are tolled when the complaint is filed and a copy of the summons and complaint are either (1) served, or (2) in good faith placed in the hands of an officer for immediate service (but not for longer than 90 days after delivery to the officer), or (3)

---

[1] CLS 1961, § 436.22 (Stat Ann 1968 Cum Supp § 18.993).
[2] See GCR 1963, 116.1.
[3] CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

jurisdiction over the defendant is otherwise acquired. Assuming this statutory provision was applicable, and that the complaint and summons were in good faith placed in the hands of an officer for immediate service, the statutory time limitation would have been tolled for 90 days, from March 4, 1966, through June 2, 1966. Three days remained before expiration of the statute when the complaint and summons were delivered to the officer, and, thus, even if the 90-day period is applicable, the statute would have expired on June 5, 1966, 11 days prior to service upon the first of the defendants served.

The Supreme Court has held that savings provisions applicable to general statutes of limitation are not applicable to a time limitation set forth in a statute creating the right sought to be enforced, and that this principle precludes utilization of such savings provisions to expand the 2-year time limitation set forth in the dramshop act. *Holland* v. *Eaton* (1964), 373 Mich 34. Four Justices have additionally ruled that the principle stated in *Holland* v. *Eaton, supra,* prevents the application of RJA § 5856 in a case (a suit to enforce a mechanic's lien) where the right was created by statute; 3 of the Justices wrote for the application of RJA § 5856, and 1 Justice stated no opinion thereon. *Troy W. Maschmeyer Company* v. *Haas* (1965), 376 Mich 289.

Plaintiffs contend this suit should not fail because the officer failed to act diligently and to effect service within the 90-day period provided in RJA § 5856.[4] However, we are satisfied that the neglect of the officer, if neglect it was, would not extend the 90-day period. The official committee note to RJA § 5856

---

[4] Under GCR 1963, 103 process in civil actions may be served by any person of suitable age and discretion who is neither a party nor an officer of a corporate party. Thus, plaintiffs might themselves have effectuated service within the time remaining for service after delivery of the process to the officer.

states that it was intended to impose a "maximum tolling period."[5]

Prior to the enactment of the revised judicature act there was a general savings provision extending the time for commencement of suit for 1 additional year after abatement or determination of a suit, where the failure of the original suit was caused by certain specified defects. CL 1948, § 609.19 (Stat Ann § 27.611). The failure to carry that provision forward in the revised judicature act may be further evidence of a legislative intention to impose a "maximum tolling period." We also note this former statutory provision was one of the general savings provisions expressly held inapplicable to proceedings under the dramshop act in *Holland* v. *Eaton, supra,* pp 38, 39.[6]

In *Bush* v. *Watson* (1966), 3 Mich App 94, plaintiff commenced suit shortly before expiration of the statute of limitations. In that case, our Court indicated that the 90-day period of RJA § 5856 could not be extended even if the plaintiff's inability to effectuate service within such period was not the fault of the plaintiff, but rather attributable to plaintiff's inability to locate the defendant after diligent effort.

The trial judge properly entered an accelerated judgment in favor of the defendants.

Affirmed. Costs to appellees.

T. G. KAVANAGH, P. J., and SULLIVAN, J., concurred.

---

[5] Reprinted as annotation to 27A Stat Ann 1962 Rev § 27A.5856, p 135. Compare *Guastello* v. *Citizens Mutual Insurance Company* (1968), 11 Mich App 120.

[6] Plaintiffs' reliance on *Eves* v. *Duda* (1964), 373 Mich 427, and *Ricaby* v. *Gentle* (1899), 122 Mich 336, is misplaced. In these cases the Supreme Court ruled that the former savings provision (CL 1948, § 609.19) would be applicable if the failure of timely and proper return of summons was due to the default or neglect of the officer. In *Eves* v. *Duda, supra,* the Court held that question could not be decided without an evidentiary hearing.