*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CLIFFORD D. STEVES SEPARATE PROPERTY TRUST.

RONALD D. SMITH,

        Petitioner,

and

FRED W. SMITH,

        Appellant,

v

ESTATE OF SHELBY J. SMITH-STEVES and
GEORGE J. A. HEITMANIS, Successor Trustee,

        Appellees.

UNPUBLISHED
October 22, 2024
1:31 PM

No. 364643
Macomb Probate Court
LC No. 2015-218559-TV

Before: GADOLA, C.J., and O'BRIEN, and MALDONADO, JJ.

PER CURIAM.

Appellant, Fred W. Smith, appeals as of right the order of the probate court allowing the fifth annual account filed by appellee, George J.A. Heitmanis, the successor trustee of the Clifford D. Steves Separate Property Trust. Appellant also challenges the probate court's order striking his objections to the fifth annual account. We affirm.

## I. FACTS

In 1998, Clifford Steves died, leaving his surviving spouse, Shelby J. Smith-Steves (Shelby), as the sole beneficiary of the Clifford D. Steves Separate Property Trust. The trust designated Shelby and Northern Trust Bank of Florida/Sarasota, N.A. as successor co-trustees of the trust. Petitioner, Ronald D. Smith, and appellant are Shelby's sons and Clifford's stepsons.

-1-

The trust provided that a successor trustee or co-trustee of the trust could be replaced by the joint agreement of Shelby, petitioner, and appellant. In 2008, appellant assumed the duties of the successor trustee of the trust.

In 2015, petitioner petitioned the probate court to remove appellant as trustee, appoint an independent trustee, and supervise the trust's administration, asserting that appellant had failed to pay Shelby's expenses and was converting trust funds to his own use. The probate court removed appellant as trustee, placed the trust under the court's supervision, and ordered appellant to prepare a complete accounting for the trust for the years 2008 to 2015. The probate court declared Shelby a vulnerable adult and appointed a guardian for her and a conservator for her estate. When appellant failed to follow the probate court's orders requiring him to account for the trust assets, the probate court held him in contempt, sentenced him to time in jail for his failure to obey the probate court's orders, and held him liable for the assets missing from the trust.

In 2019, the probate court found that appellant's failure to account for the trust assets supported the finding that he stole, embezzled, or converted the trust assets to his personal use in the amount of $4,760,967.20. The probate court found that appellant lived in a house owned by the trust and had used trust assets to purchase vehicles, fund his motorcycle business, and fund the rental of several storage units that he used to hide assets purchased with trust funds. With the permission of the probate court, the trust hired a forensic accountant to determine what happened to the missing assets, and some trust assets were recovered.

Shelby died in 2020. Appellee Heitmanis, the successor trustee of the trust, filed the fifth annual account for the trust for the period from July 26, 2021 to July 25, 2022. Appellant filed written objections to the fifth annual account alleging numerous errors, including that the accounting was incomplete, lacked substantial information, and contained inaccurate and misleading information. Appellant also alleged that Heitmanis failed to use the State Court Administrative Office (SCAO) long form, PC 584, when filing the account, and that Heitmanis failed to inventory property stored at a storage facility, which appellant alleged belonged to him and his family rather than to the trust.

Heitmanis requested that the probate court strike appellant's objections, arguing that appellant's objection did not relate to the reported income or expenses in the fifth annual account. At the hearing held to approve the fifth annual account, the probate court asked appellant to explain his objections, which appellant was unable to do, stating merely that he believed Heitmanis should have used the SCAO long form. The probate court granted the request to strike appellant's objections, stating in relevant part:

> *THE COURT*: I did not require Mr. Heitmanis to use the long form for his Account. He used the short form. It's perfectly acceptable.
>
> What is your, do you have a specific objection to anything listed as income?
>
> *MR. SMITH*: No, I, I just think he should be using the PC 584.
>
> *THE COURT*: Well, you're not the Judge, Mr. Smith.

*MR*. *SMITH*:  Long form.

*THE COURT*:  Do you have any objections to—

*MR. SMITH*:  Okay.

*THE COURT*:  The expenses?

*MR. SMITH*:  No, he detailed all of his expenses.

*THE COURT*:  Okay.  So, in other words, you don't really have any objection to this Account.  I'm going to strike your Objections.  The[y are] non-sensical.  It doesn't have anything to do with the issue at hand.  You have no objections to any income or expenses on the Accounting, and that's what objections are for in the case of an Accounting.  Anything else?

*MR. HEITMANIS*:  Did the Court grant the Fifth Annual Account?

*THE COURT*:  Yes.  I'm allowing the Account, and I'm granting the Request to Strike the Objections.

The probate court entered an order striking appellant's objections to the fifth annual account and entered an order allowing the fifth annual account.  Appellant claimed an appeal in this Court from both orders.

## II. DISCUSSION

### A. FIFTH ANNUAL ACCOUNT

Appellant contends that the probate court erred by allowing the fifth annual account over appellant's objections.  We disagree.

We review the probate court's dispositional rulings for an abuse of discretion, which occurs when the decision resulted in a result outside the range of principled outcomes.  *In re Estate of Huntington*, 339 Mich App 8, 17; 981 NW2d 72 (2021).  We review for clear error the probate court's factual findings and review de novo its legal conclusions.  *Estate of Lewis v Rosebrook*, 329 Mich App 85, 93; 941 NW2d 74 (2019).  A finding is clearly erroneous if, though there is evidence to support the finding, the reviewing court is left with a definite and firm conviction that a mistake has been made.  *Id*.

Appellant argues that the probate court should have required Heitmanis to submit the fifth annual account on the SCAO long form, PC 584, rather than the short form, PC 583.  He argues that the use of the short form omitted financial information and that the long form was intended to be used for larger estates, such as the trust.

MCL 600.855 requires the use of "only forms approved by the supreme court or the state court administrator" in the probate court.  MCR 5.113(A) states that "[i]f the State Court Administrative Office has approved a form for a particular purpose, it must be used when preparing

that particular document for filing with the court." Appellant has failed to demonstrate that Heitmanis did not comply with MCL 600.855 and MCR 5.113(A) when he used an approved form to file the fifth annual account. At the hearing to allow the fifth annual account, the probate court explained that it had permitted Heitmanis to use the short form. When the probate court asked appellant to explain his objections, appellant had no objection to the income or the expenses that Heitmanis detailed on the form filed, which appellant admitted contained all required information. Appellant has not shown any basis for relief regarding the form filed.

Appellant's remaining arguments regarding the fifth annual account also are without merit. Appellant argues that Heitmanis failed to include an inventory and appraisal of personal property held in certain storage units, which reportedly had been purchased by appellant with trust assets. Appellant failed to demonstrate, however, that at the time of the fifth annual account the trust held assets in the storage units. Storage fees apparently were paid during the period covered by the fourth annual account, but no such fees were paid during the period of the fifth annual account. Appellant also argues that Heitmanis inappropriately paid a forensic accountant to track the trust assets. The accountant fees were approved by the court in earlier proceedings, however, and not in relation to the fifth annual account. In sum, appellant failed to demonstrate a valid objection to the fifth annual account.

## B. ORDER STRIKING OBJECTIONS

Appellant contends that the probate court erred by striking his objections to the fifth annual account. Appellee, Estate of Shelby J. Smith-Steves, argues that this Court lacks jurisdiction to review this question. We conclude that this Court has jurisdiction to determine this issue and that the probate court did not err by striking appellant's objections.

This Court has jurisdiction of an appeal by right filed by an aggrieved party from a judgment or order of a court or tribunal from which an appeal by right is established by law or court rule. MCL 600.308(1) establishes an appeal by right to this Court from a final order of the probate court:

> (1) The court of appeals has jurisdiction on appeals from all final judgments and final orders of the circuit court, court of claims, and probate court, as those terms are defined by law and supreme court rule, except final judgments and final orders described in subsection (2) and (3). A final judgment or final order described in this subsection is appealable as a matter of right.

See also MCR 7.203(A) and MCR 5.801(A). A final order of the probate court appealable to this Court includes a probate court order "allowing or disallowing an account, fees, or administration expenses." MCR 5.801(A)(2)(x).

In this case, the estate argues that this Court lacks jurisdiction to review the probate court's order striking appellant's objections because that order is not a final order appealable as of right. Appellant, however, appealed as of right the probate court's order allowing the fifth annual account, which is a final order under MCR 5.801(A)(2)(x). Having done so, appellant is entitled to challenge on appeal the probate court's prior interlocutory orders, see *Green v Ziegleman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009), as long as the challenged interlocutory order is an

-4-

order leading to the final order appealed and does not predate prior final orders in the case, see *Tomkiw v Sauceda*, 374 Mich 381, 385; 132 NW2d 125 (1965). Having timely appealed a final order appealable as of right under MCR 5.801(A)(2), appellant was entitled to challenge on appeal the interlocutory order leading to that final order.

We conclude, however, that the probate court did not abuse its discretion by striking appellant's objections. MCR 2.115(B) provides that, "[o]n motion by a party or on the court's own initiative, the court may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules." That rule is applicable to probate proceedings, MCR 5.001(A), and the term "pleadings" as used in MCR 2.115(B), applies also to "petitions, objections, and claims" in probate proceedings, MCR 5.001(B)(2); *In re Eddins*, 342 Mich App 529, 536; 995 NW2d 604 (2022). We review a trial court's decision on a motion to strike a pleading for an abuse of the trial court's discretion. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003).

In this case, the probate court struck appellant's objections because they were not relevant to the fifth annual account. The probate court gave appellant the opportunity to make relevant objections, then struck his objections for appropriate reasons under MCR 2.115(B) when appellant attempted to relitigate matters that had been settled at earlier hearings or raised matters that had no application to the fifth annual account. Appellant has not demonstrated that the probate court abused its discretion by striking his objections.

Appellant also argues that Heitmanis attempted to intimidate or retaliate against him and that Heitmanis moved to strike his objections because Heitmanis wanted to prevent the court from discovering Heitmanis's own mismanagement of the trust. Appellant does not point to record support for this argument, however. Again, appellant was given the opportunity to raise any valid, relevant objections, but failed to do so. Appellant has failed to show that the probate court abused its discretion when it granted the request to strike his written objections.

## C. JURISDICTION

Appellant contends that the probate court lacked jurisdiction over the trust because the trust was registered in Florida. We disagree.

Subject matter jurisdiction is the authority of a court to exercise judicial power over a class or category of cases, and thus is a prerequisite for a court to hear and decide a claim. *Michigan Farm Bureau v Dep't of Environment, Great Lakes, and Energy*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165166); slip op at 22. Subject matter jurisdiction cannot be conferred by the parties' conduct and cannot be waived. *Id*. As a result, the court may consider a challenge to subject matter jurisdiction at any time and also upon the court's own motion.

The probate court has exclusive jurisdiction of proceedings brought by a trustee or beneficiary concerning the administration of a trust. MCL 700.1302(b); MCL 700.7203(1). MCL 700.7205(1) recognizes that this state can be asked to preside over trusts originating from other states, and sets forth a basis upon which a party may object to the court's exercise of jurisdiction:

(1) If a party objects, the court shall not entertain a proceeding under section 7203 that involves a trust that is registered or that has its principal place of administration in another state, unless either of the following applies:

(a) All appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration.

(b) The interests of justice would otherwise be seriously impaired.

Appellant has not demonstrated the administration of the trust could not occur in Michigan. Although the trust states that it is to be controlled by Florida law, the trust does not designate the principal place of administration.[1] Under Florida law, trusts originating from that state may be administered in other jurisdictions. See FSA 736.0108. If a trust does not designate a principal place for administration of the trust, the principal place of administration for the trust is the trustee's usual place of business or the residence of a co-trustee. *Id*.

Appellant does not point to record support for his assertion that the trust is registered in Florida or that Florida is the principal place of the trust's administration. Similarly, appellant does not explain why the administration of this trust in Michigan was improper. Appellant has not demonstrated a basis in this case upon which to conclude that the probate court could not exercise jurisdiction over the trust.[2] An appellant's failure to properly address the merits of his claim of error constitutes abandonment of the issue. *Bill & Dena Brown Trust*, 312 Mich App 684, 695; 880 NW2d 269 (2015).

## D. ISSUES OUTSIDE THE SCOPE OF REVIEW

Appellant's remaining issues on appeal raise arguments beyond the scope of the appeal. As discussed, this Court's jurisdiction in this case derives from appellant's appeal of right of the probate court's order allowing the fifth annual account. Appellant, however, argues that the probate court erred by granting a petition brought on behalf of Shelby's estate to dispose of personal property found in certain storage units; the petition appellant challenges appears to have been brought in a separate case by the personal representative of the estate, and not this case regarding the administration of the trust. In addition, although the probate court made rulings in this case regarding the contents of certain storage units, those rulings appear to have been made with respect to earlier annual accountings and do not relate to the fifth annual account. Similarly, appellant's argument that the personal representative of the estate should be removed is outside the scope of the appeal in this case, which, again, is limited to the trust proceedings relevant to the fifth annual account. Likewise, appellant's assertions that Heitmanis should have been removed

---

[1] Because the terms of the trust did not establish the situs for administration of the trust, MCL 700.7108 or FSA 736.0108(2) provide guidelines for determining the principal place of administration.

[2] Appellant alternatively argues that there is federal jurisdiction, but has abandoned that argument by failing to provide proper explanation and authority to support the argument. See *Bill & Dena Brown Trust*, 312 Mich App at 695.

as trustee and lacked authority to hire a forensic accountant prior to the fourth annual account does not arise from the probate court's order allowing the fifth annual account. See *Tomkiw*, 374 Mich at 385. Because these arguments raise issues beyond the scope of the appeal, we decline to reach them.

Affirmed.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado